**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Julio Trujillo Santoyo, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:16-cv-855 |
| | § | |
| Bexar County, Texas; Enrique M. Lucero, | § | |
| Field Office Director for the San Antonio Field | § | |
| Office, and John Doe 1-5 (employees of | § | |
| Immigration and Customs | § | |
| Enforcement); | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

The Plaintiff, Julio Trujillo Santoyo, through counsel, respectfully brings this action seeking damages against the Defendants for unlawfully detaining him in the Bexar County Jail from March 24, 2016 until June 7, 2016 without charge, warrant, or probable cause. In furtherance of this claim, he alleges as follows.

## INTRODUCTION

1.    This action is brought to redress the unlawful and prolonged imprisonment by law enforcement officials of the Plaintiff Julio Trujillo Santoyo.

2.    Defendant Bexar County imprisoned the Plaintiff for approximately 75 days after his criminal charges were dismissed pursuant to a policy and practice under which Defendant Bexar County routinely detains individuals whenever Immigration and Customs Enforcement (ICE) agents request them to do so. Defendant Bexar County's policy and practice violates the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and expends significant law enforcement

2

resources in an unlawful attempt to enforce federal immigration law. Defendant Bexar County's illegal and wasteful conduct has caused, and if not addressed will continue to cause, substantial harm to Texas residents.

3.      Plaintiff also brings constitutional claims under the Fourth and Fifth Amendments pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the ICE officers and employees responsible for his illegal detention. These federal officers left the Plaintiff to languish in county jail for approximately 75 days without a warrant for arrest, without notice of any charges against him (there were none), without any opportunity to be considered for release on bond, and without any other legal process of any kind. The specific agents' names are yet unknown to the Plaintiff.

4.      To vindicate his and others' fundamental constitutional rights, Plaintiff seeks a declaratory judgment that the Defendants' policies, practices, and customs described herein are unconstitutional. Plaintiff also seeks monetary compensation for Defendants' unconstitutional deprivation of his liberty.

<u>JURISDICTION</u>

5.      This action arises under the Constitution and laws of the United States and this Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343.

6.      This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in this district because the Plaintiff resides in Bexar County and all of the underlying events occurred in this district. 28 U.S.C. § 1391(b).

<u>PARTIES</u>

8.      Plaintiff is an adult who currently resides in Bexar County, Texas. He was unlawfully detained by Defendants in the Bexar County Jail for 75 days after his assault charges were dismissed.

9.      Defendant Bexar County, Texas is a county organized and operating under the laws of the State of Texas. Defendant Bexar County is geographically located within the boundaries of this district and can be sued in its own name.

10.     Defendant Enrique Lucero was the Field Office Director of the San Antonio Field Office for the ICE Office of Detention and Removal Operations during the time period when Plaintiff was illegally detained. Defendant Lucero was responsible for formulating and implementing policies applicable to the ICE San Antonio Field Office's detention of prisoners, including policies to ensure that those inmates housed at ICE's request at the Bexar County Jail are detained pursuant to and accordance with federal regulations, and that their detention does not violate the United States Constitution. Defendant Lucero was also responsible for training and supervising his staff to ensure that those inmates held at ICE's request in the Bexar County Jail are detained pursuant to and in accordance with federal law and that their detention does not violate the U.S. Constitution. At all times relevant to this Complaint, Defendant Lucero acted or failed to act under color of federal law. Defendant Lucero is being sued in his individual capacity.

11.     Defendants John Doe 1-5 are ICE agents who were working in the San Antonio Field Office at the time when Plaintiff was unlawfully detained. These ICE officers made requests to the Defendant Bexar County to detain the Plaintiff, thereby causing his illegal detention. These Defendants also received notice about Plaintiff's long-term, illegal detention and failed to (a) initiate

4

the steps in ICE procedures that would result in the provision of legal process to the Plaintiff; or (b) terminate the Plaintiff's detention. At all times relevant to this Complaint, Defendants John Doe 1-5 acted or failed to act under color of law. These Defendants are sued in their individual capacities and are referred to in this Complaint as "Defendant ICE agents."

FACTS

A. Immigration detainer requests generally.

12.     The immigration laws of the United States are enforced by ICE, which is a sub-agency of the Department of Homeland Security ("DHS").

13.     When ICE desires to investigate whether to initiate a removal proceeding against a suspected noncitizen who is in the custody of a local law enforcement agency, they frequently issue an immigration detainer request.

14.     Federal immigration detainers or holds are requests from immigration authorities to local law enforcement asking them to temporarily detain a suspected noncitizen to permit immigration agents time to assume custody over the detainee. ICE cites 8 C.F.R. § 287.7 as authority for its detainer requests ("The detainer is a request that such agency advise the Department, prior to the release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.").

15.     Immigration detainers are merely requests. They are not warrants, enforceable orders, and are in no way binding upon the local law enforcement agency that receives it. Nor do immigration detainers require probable cause that the detainee committed a crime. In fact, immigration detainers are routinely used to detain individuals based upon suspected civil violations of the immigration laws.

16.     Since immigration detainers are merely requests to detain a suspected immigration violator, they do not impose a mandatory obligation upon Defendant Bexar County to detain the person. *See, e.g., Galarza v. Szalczyk*, 745 F.3d 634, 641 (3d Cir. 2014) (The Immigration and Nationality "Act does not authorize federal officials to command state or local officials to detain suspected aliens subject to removal."). In fact, the Tenth Amendment prevents federal immigration officials from ordering state or local officials to imprison suspected immigration violators "at the request of the federal government." *Id.* at 643.

17.     Generally, ICE detainers request local lawful enforcement to temporarily detain a suspected noncitizen for 48 hours, not including weekends or federal holidays.

18.     Immigration detainers are not subject to review by a neutral judge or magistrate prior to issuance, nor are they subject to the same procedural and substantive requirements and safeguards to which ordinary criminal detainers are subject.

B.  Defendant Bexar County's official policy, practice, or custom is to detain individuals whenever ICE issues a detainer.

19.     Defendant Bexar County routinely detains individuals without a warrant whenever ICE issues a detainer pursuant to an official county policy, practice, or custom.

20.     It is the actual policy and practice of the Defendant Bexar County to hold persons with immigration detainers in the Bexar County Jail awaiting pick-up by the federal immigration authorities, even when such people have had bond posted on their behalf, have paid their fines, have no additional charges against them, and are not subject to any judicial order requiring or authorizing continued detention.

21.     Defendant Bexar County's policy, practice and custom is to enforce immigration detainers regardless if immigration officials have, or even claim to have, probable cause to detain the

6

suspected immigration violator.

22.     Defendant Bexar County's policy, practice or custom of detaining individuals without a warrant whenever immigration requests them to do so is a "persistent, often repeated, constant" constitutional violation that "constitutes a custom and policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).

23.     Although immigration detainers are supposed to be "temporary," it is the Defendant Bexar County's policy, practice or custom to detain individuals for however long is necessary for ICE officials to assume custody.

24.     The Plaintiff's unlawful detention without a warrant was not an isolated event or the product of an individual employee's negligence. Rather, the constitutional violations were a direct result of Defendant Bexar County's official policy, practice or custom of always enforcing federal immigration detainers.

25.     Defendant Bexar County's policymakers have actual and constructive knowledge about the constitutional violations that result from the policy to hold detainees whenever ICE issues a hold or detainer and regardless if there is a properly issued warrant for arrest. Indeed, Bexar County Sheriff Susan Pamerleau represented to Texas State Senator Brian Birdwell that the Defendant Bexar County complies with all immigration detainer requests. *See Exh. A.* Defendant Bexar County detains such individuals regardless if there is a properly authorized warrant allowing them to do so or if an immigration detainer is supported by an affidavit of probable cause.

C.  Plaintiff's unlawful detention in the Bexar County Jail
from March 24, 2016 until June 7, 2016.

26.     On or around January 21, 2016, Plaintiff was arrested for misdemeanor assault and placed into custody at the Bexar County Jail.

27.     While in custody at the Bexar County Jail, Defendant ICE agents conducted an immigration interview with the Plaintiff. They concluded that the Plaintiff was a foreign born national and accordingly lodged an immigration detainer with the Bexar County Jail. At no time while Plaintiff was in custody at the Bexar County Jail did Defendant ICE agents seek a warrant of arrest for federal immigration violations.

28.     On or around March 24, 2016, Plaintiff's misdemeanor assault charge was dismissed. *See Exh. B* (Order of dismissal). Yet he remained in unlawful detention at the Bexar County Jail without a warrant for arrest, order from a Court, or other legal basis until June 7, 2016.

29.     Plaintiff inquired on multiple occasions seeking to understand why he was detained after the Bexar County Court dismissed his assault charges. Defendant Bexar County  informed the Plaintiff that he was being detained pursuant to a request from immigration officials.

30.     On April 29, 2016—over one month after his criminal charges were dismissed—the Plaintiff wrote to the Bexar County Sergeant's Office:

> "What's my release date? And do I have bond or what? My case has already been dismissed. Let me know something."

To which the response was:

> "Hold for ICE."

 *See Exh. C*.

31.     Plaintiff's girlfriend also inquired on multiple occasions about the reason why Plaintiff remained in custody after his misdemeanor assault charge was dismissed. Defendant Bexar County repeatedly informed her that the Plaintiff was detained pursuant to a request from federal immigration officials.

8

32.     Plaintiff's girlfriend then called Defendant ICE agents who informed her that Plaintiff was not on their list to be picked up.

33.     During Plaintiff's custody at Bexar County Jail he was never served with a warrant for his arrest for federal immigration violations.

34.     On June 6, 2016, Plaintiff, still being unlawfully detained without a warrant of arrest or probable cause, was forced to hire counsel and pay attorney fees for an attorney to seek his release from unlawful detention in the Bexar County Jail. Defendant Bexar County released Plaintiff into immigration custody on June 7, 2016. *See Exh. D* (Letter from the Bexar County Sheriff's Office confirming the dates of Plaintiff's detention in the Bexar County Jail*).

35.     Defendants held Plaintiff in the Bexar County Jail, against Plaintiff's will, without his consent, and with absolutely no legal authority from March 24, 2016 (date when his charges were dismissed) to June 7, 2016 (date when immigration assumed his custody).

36.     ICE agents then "arrested" the Plaintiff on June 8, 2016 and read him his Miranda rights.

37.     From March 24, 2016 until June 8, 2016, the Plaintiff was not charged with any offense under federal immigration laws. He did not receive prompt independent review of whether there was probable cause to detain him. He had no opportunity to appear before a judge to seek his release, to learn why he was deprived of his liberty, or post a bond.

## FIRST CLAIM FOR RELIEF

(Defendant Bexar County's detention of the Plaintiff violated the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.)

38.     The foregoing allegations are incorporated by reference.

39.      Defendant Bexar County deprived the Plaintiff of his liberty, without legal authority, in violation of his Fourth Amendment right to be free from unreasonable searches and seizures.

40.     Defendant Bexar County deprived the Plaintiff of his liberty, without legal authority, in violation of his Fifth and Fourteenth Amendment rights to due process.

41.     Defendant Bexar County's policies, practices and customs, including its deliberate indifference to establish adequate procedures, policies, supervision and training, caused Plaintiff's injuries and the violations of his constitutional rights.

42.     As a direct and proximate cause of Defendant Bexar County's policy of detaining individuals without a warrant for arrest whenever immigration agents request them to do so the Plaintiff suffered damages and is entitled to compensatory damages, attorney fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988 and any other relief the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(*Bivens* claim against the ICE Defendants – Fourth and Fifth Amendments)

42.     The foregoing allegations are incorporated by reference.

43.     The Plaintiff was deprived of his liberty without legal authority, in violation of his right to be free of unreasonable searches and seizures and his right to due process of law.

44.     Defendant Lucero's policies, customs and practices, including his deliberately indifferent failure to establish adequate procedures, supervision and training caused the Plaintiff's injuries and the violations of the Fourth and Fifth Amendments.

45.     These policies are not reasonably related to any legitimate governmental objective.

46.     The ICE Defendants' actions and inactions caused the Plaintiff to be deprived of his Fourth Amendment right to be free from unreasonable seizures and his Fifth Amendment right to due process of law.

47.     As a result of his unlawful detention, the Plaintiff is entitled to punitive damages,

10

compensatory damages, and any other relief the Court deems just.

### THIRD CLAIM OF RELIEF

(Declaratory relief under 28 U.S.C. §§ 2201 and 2202)

48.     All preceding allegations are incorporated by reference.

49.     ICE detainers should be declared unconstitutional since they constitute a warrantless seizure in violation of the Fourth Amendment of the United States Constitution.

50.     ICE detainers should be declared unconstitutional since they violate detainees' due process rights in violation of the Fifth Amendment.

51.     Defendant Bexar County's policy, practice and custom of detaining people under an ICE detainer even after the time requested by ICE has expired violates the Fourth, Fifth and Fourteenth Amendments and should be declared unconstitutional.

### JURY DEMAND

52.     Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury as to all issues so triable.

### Conclusion

For the foregoing reasons, the Plaintiff respectfully requests the Court enter the following orders:

a)      Enter judgment in favor of Plaintiff against Defendant Bexar County for compensatory damages;

b)      Enter judgment in favor of Plaintiff against all ICE Defendants and award compensatory and punitive damages;

c)      Declare ICE detainers to violate the Fourth and Fifth Amendments;

11

d)      Declare Defendant Bexar County's policy and practice of detaining persons under

an ICE detainer for longer than is requested to violate the Fourth, Fifth and

Fourteenth Amendments;

e)      Grant Plaintiff reasonable attorney's fees and his costs and expenses; and

f)      Grant Plaintiff any and all additional relief to which they may appear to be

entitled.

Respectfully submitted,

/s/ Lance Curtright
Lance Curtright
State Bar No. 24032109
lance@dmcausa.com

Juan Carlos Rodriguez
State Bar No. 24033007
juancarlos@dmcausa.com

DE MOTT, McCHESNEY, CURTRIGHT,
ARMENDARIZ, LLP
800 Dolorosa, Ste. 100
San Antonio, Texas  78207
Phone: (210)354-1844
FAX:   (210)212-2116

Attorneys for Plaintiff

12

**EXHIBIT LIST**

A.    Copy of letter from Bexar County Sheriff Susan Pamerleau to Texas State Senator Brian Birdwell.

B.    Copy of March 24, 2016 order from Bexar County Court 7 dismissing assault charges against the Plaintiff.

C.    Copy of Plaintiff's April 29, 2016 correspondence with Defendant Bexar County concerning his detention.

D.    Copy of letter from the Bexar County Sheriff's Office Records Clerk Jose Angel Laines verifying the dates of Plaintiff's detention in the Bexar County Jail.